# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

ANTONIA ARMSTRONG,                                                                        PETITIONER
Reg. #23458-076

v.                                              2:17cv00192-JM-JJV

GENE BEASLEY,
Warden, FCI - Forrest City Low                                                           RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. PROCEDURAL HISTORY

On January 14, 2011, a jury in the Western District of Tennessee convicted Petitioner, Antonia Armstrong, of one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). (Doc. No. 5-1 at 1.) The court sentenced him as an armed career offender to 312 months' imprisonment and five years of supervised release. (*Id.* at 2-3.) Mr. Armstrong did not appeal the conviction. (Doc. No. 5 at 1.)

In November 2012, Mr. Armstrong filed a 28 U.S.C. § 2255 motion in the Western District of Tennessee. *Armstrong v. United States,* 2:12CV02980-JPM-DKV. On March 30, 2016, United States District Judge Jon P. McCalla denied Mr. Armstrong's motion. (*Id.*) The United States Court of Appeals for the Sixth Circuit declined to grant his application for a certificate of appealability. *In re: Antonia Armstrong*, Case No. 17-5395 (6th Cir. September 29, 2017.) Mr. Armstrong then moved for authorization to file a successive § 2255 motion, which the Court of Appeals also denied. (*Id.*) Finally, Mr. Armstrong returned to the district court and filed a Federal Rule of Civil Procedure 60(b) motion for relief from the district court's judgment denying his original § 2255 motion. The district court determined that Mr. Armstrong's motion was merely a successive 28 U.S.C. § 2255 motion and transferred it to the 6th Circuit Court of Appeals for review. The Court of Appeals agreed and denied this petition. *Id.*

2

Now, Mr. Armstrong, an inmate at the Forrest City Low Federal Correctional Institution, seeks relief from this Court through the filing of a 28 U.S.C. § 2241 habeas Petition. (Doc. No. 1.) For the following reasons, I find this Court lacks jurisdiction and recommends the Petition be dismissed or transferred to the Western District of Tennessee.

## II.     ANALYSIS

At the outset, I note that while Mr. Armstrong has provided a lengthy brief in support of his Petition, he really raises just one argument – that he is not a career criminal based on recent holdings by the United States Supreme Court. I note that all of Mr. Armstrong's arguments advance the idea that *Mathis v. United States*, __ U.S. __, 136 S.Ct. 2243 (2016), invalidates the prior robbery convictions as predicate offenses previously used to convict him as a career criminal. (Doc. No. 1.)

Although he initiated this cause of action as a 28 U.S.C. § 2241 habeas corpus Petition, Mr. Armstrong's claim relates to his conviction and sentence from the Western District of Tennessee. Inmates seeking to challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 motion to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Based upon the arguments set forth in the Petition, it is clear Mr. Armstrong is

3

continuing to argue about the validity of his conviction and sentence, rather than the manner in which his sentence is being carried out.

Mr. Armstrong cites to *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), and argues that this Court should exercise jurisdiction over his claims through § 2255(e) "savings clause." *Id*. at 594-595.  But the *Hill* decision was narrowly tailored and does not apply to a prisoner sentenced after the release of *United States v. Booker*, 543 U.S. 220 (2005), like Mr. Armstrong.

As a purely practical matter, it is the sentencing court that is in the best position to address Mr. Armstrong's claims.  As the Sixth Circuit Court of Appeals aptly said:

> Our decisions indicate that § 2255 is intended to be an avenue of relief to be pursued before the court which imposed sentence.  In *Martin v. Perez*, 319 F.3d 799, 802-3 (6th Cir. 2003), we explained that Congress enacted § 2255 as a means of ensuring a simpler method of review by vesting jurisdiction in the sentencing jurisdiction, which already has a record of the case, rather than in the jurisdiction of confinement, which would typically have to start from scratch.  Section 2255 is not a different form of relief from § 2241, but rather, a different avenue intended to provide a more convenient process for prisoners who can pursue relief before the sentencing court.  *Id*.  The savings clause of § 2255 provides that, on a showing that the § 2255 remedy is "inadequate or ineffective to test the legality of the detention," a prisoner may seek a writ of habeas corpus under § 2241.

*Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004).

All of the *Witham* criteria apply here.  Having already tried and failed at a § 2255 petition in the Western District of Tennessee does not automatically render such a petition ineffective or inadequate as a matter of law.  And although his application to file a successive petition was apparently previously denied, Mr. Armstrong could again apply to the Sixth Circuit for permission to file another § 2255 petition.

For this Court to be permitted to invoke jurisdiction over his § 2241 Petition, Mr. Armstrong must *prove* the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court.  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).  This he has failed to do.

4

Mr. Armstrong believes relief from the Western District of Tennessee is inadequate because *Mathis* and *Descamps v. United States*, 570 U.S. __, 133 S.Ct. 2276 (2013) were not available when the sentencing court was adjudicating his § 2255 Petition. (Doc. No. 1 at 5.) But other courts have held that *Descamps* did not recognize a new right. *See United States v. Montes*, 570 Fed. Appx. 830, 831 (10th Cir. 2014); *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014). And the Supreme Court in *Descamps* reversed the lower court because the decision "contravene[d] our prior decisions and the principles underlying them." 133 S.Ct. at 2282. So there is no reason why Mr. Armstrong could not have made a *Descamps* claim in his original § 2255 proceeding.

Mr. Armstrong also makes a brief argument stating he is "actually innocent of being an Armed Career Criminal." (Doc. No. 1 at 17.) The Eighth Circuit has not yet decided whether a claim of "actual innocence" may permit a petitioner to challenge his sentence or conviction under § 2241. *Abdullah*, 392 F.3d at 959-60. Nevertheless, Petitioner's claim is really that he is *legally innocent* of being a career offender. Thus he would not be entitled to relief even if such an exception were created. *United States v. Brown*, 456 Fed. Appx. 79, 81 (3rd Cir.2012) (*per curiam*) (claim of actual innocence of being a career offender was not sufficient to establish that § 2255 was inadequate or ineffective); *cf. United States v. Lurie*, 207 F.3d 1075, 1077 n. 4 (8th Cir. 2000) ("Claims of 'actual innocence' are extremely rare and are based on 'factual innocence not mere legal insufficiency.'").

Accordingly, the Eastern District of Arkansas lacks jurisdiction so this Petition must be dismissed or transferred. Because Mr. Armstrong has already sought and was denied permission to file a successive petition, I recommend dismissal of this Petition.

### III.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc. No. 1) be dismissed for lack of jurisdiction.

DATED this 19th day of January, 2018.

```
_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE
```